FOR THE DISTRICT OF DELAWARE

STANLEY HOPKINS,

    Plaintiff,

v.                                 Civil Action No. 11-900-RGA

JOSEPH FRONTINO, et al.,

    Defendants.

## MEMORANDUM OPINION

January 5, 2012

1

*signature* 
ANDREWS, U.S. DISTRICT JUDGE:

Before the Court is the Motion to Determine Sufficiency of Affidavit of Merit (D.I. 8) filed by Defendants Joseph Frontino, D.O. ("Frontino") and Delmarva Emergency Physicians, LLP ("DEP") (collectively, "Movants"). In this medical negligence suit, Plaintiff Stanley Hopkins ("Plaintiff") asserts that defendants Frontino, DEP, David Cloney, M.D., and Atlantic Surgical Associates, LLC performed an emergency exploratory abdominal surgery that was counterindicated and that caused pain and suffering, disfigurement, and disability. This Court's jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332.

Movants requested this Court review any affidavit of merit that Plaintiff might have filed with his complaint for compliance with 18 DEL. C. § 6853, and requested, in the absence of an affidavit of merit, that the Complaint be dismissed. (D.I. 8, p.3, n.1). The record does not indicate that Plaintiff filed any affidavit of merit, nor has Plaintiff asserted that he filed one. Instead, Plaintiff argues that § 6853 is a state procedural rule that does not apply in this diversity suit under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1937), and that therefore he did not need to file an affidavit of merit.

Failure to file an affidavit of merit under § 6853 is grounds for dismissal of a state law medical negligence suit. *E.g., Davis v. Corr. Med. Servs.*, 760 F.Supp.2d 469, 475-76 (D.Del. 2011); *Wilson v. Cartwright*, 557 F.Supp.2d 482, 487 (D. Del. 2008). State statutes requiring affidavits of merit constitute substantive law that federal courts must apply in diversity professional negligence suits. *See Liggon-Redding v. Estate of Robert Sugarman*, 659 F.3d 258, 259-65 (3d Cir. 2011); *Chamberlain v. Giampapa*, 210 F.3d 154, 156-61 (3d Cir. 2000).

Plaintiff's Response (D.I. 13, p.4) requested that if it were determined that he was

2

required to file an affidavit of merit, he be given permission to submit such a document.

The Complaint was filed October 4, 2011. The Response requesting permission was filed December 2, 2011. The Delaware Code provides that "upon timely motion of the plaintiff and for good cause shown, [the court may] grant a single 60-day extension for the time of filing the affidavit of merit." 18 DEL. C. § 6853(a)(2). Treating the Plaintiff's request as such a motion, it was not timely made (as it needed to be filed before or contemporaneously with the Complaint, 18 DEL. C. § 6853(a)(3)), and, further, no cause, good or otherwise, was alleged in support of the request.

The Court grants Movants' motion to dismiss without prejudice. The Court notes that the absence of a timely affidavit of merit in Delaware state courts results in the rejection of the complaint. 18 DEL. C. § 6853(a)(1). To effectuate the same outcome here, the Court dismisses Plaintiff's claims against all Defendants without prejudice. *See Liggon-Redding*, 659 F.3d at 264; *Chamberlain*, 210 F.3d at 160-61.

An appropriate order will be entered.