IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANLEY HOPKINS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-900-RGA |
| JOSEPH FRONTINO, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Before the Court is the Plaintiff's Motion for Reargument of the Court's Decision and

Order Dated January 5, 2012 Pursuant to FED. R. CIV. P. 60(b)(6). (D.I. 22). In this medical

negligence suit, Plaintiff asserts that Defendants Joseph Frontino, D.O., Delmarva Emergency

Physicians, LLP ("DEP"), David Cloney, M.D., and Atlantic Surgical Associates, LLC,

performed an emergency exploratory abdominal surgery that was counterindicated and that

caused pain and suffering, disfigurement, and disability. Dr. Frontino and DEP requested this

Court review any affidavit of merit that Plaintiff might have filed with his complaint for

compliance with 18 DEL. C. § 6853, and requested the Court dismiss the complaint if Plaintiff

had not filed an affidavit. (D.I. 8, p.3, n.1). The Court dismissed Plaintiff's claims against all

defendants without prejudice for failure to file an affidavit of merit. (D.I. 20-21).

Plaintiff argues here, as he argued in response to the original motion by Dr. Frontino and

DEP, that § 6853 is a state procedural rule that does not apply in this diversity suit under *Erie*

*R.R. Co. v. Tompkins*, 304 U.S. 64 (1937), and that therefore he did not need to file an affidavit

of merit (D.I. 22). Dr. Frontino and DEP opposed reargument, arguing that Local Rule 7.1.5

1

guides the relief Plaintiff's motion seeks, not FED.R.CIV.P. 60(b), and that under either rule, Plaintiff's citation of *Dishmon v. Fucci*, 2011 WL 5438957 (Del. Nov. 10, 2011) does not provide Plaintiff any extension of time for his Affidavit of Merit or establish ∮ 6583 as a procedural rule that does not bind this Court.

Plaintiff has failed to meet the burden necessary to warrant reargument or reconsideration under either Rule 60 or Local Rule 7.1.5. Plaintiff simply restated his argument that ∮ 6853 is a state procedural rule, with an additional citation of an inapplicable case that was available to him at the time of the original briefing.[1] *Dishmon* is inapplicable because it addresses the *prima facie* evidentiary requirements of an affidavit of merit and the procedural consequences from failing to submit the affiant's *curriculum vitae* with the affidavit of merit.

Plaintiff's renewed attempt to distinguish Third Circuit cases finding similar Pennsylvania and New Jersey affidavit of merit statutes to be binding substantive law also fails. The Delaware statute, like the Pennsylvania and New Jersey statutes, was designed to reduce the filing of meritless negligence claims, and the penalty for failing to comply is dismissal. *Liggon-Redding v. Sugarman*, 659 F.3d 258, 262-63 (3d Cir. 2011); *Chamberlain v. Giampapa*, 210 F.3d 154, 160-61 (3d Cir. 2000); *Dishmon*, 2011 WL 5438957, \*2. Delaware's reference in its statute to the Superior Court and the Prothonotary does not change the nature of the statute, and the District Court and the Clerk serve the same functions in the federal courts as the Superior Court and the Prothonotary serve in Delaware courts.

Plaintiff has not shown fraud, mistake, or newly discovered evidence as required under Rule

---

[1] *Dishmon* was decided November 10th and the Plaintiff's Response was filed December 2nd.

2

60; nor has he shown the Court to have patently misunderstood him, that the Court erred in apprehension, or that the Court made a decision outside the scope of the issue presented, as required under Local Rule 7.1.5. *See Maymi v. Phelps*, No. 10-638, 2011 WL 6034480, \*1 (D. Del. Dec. 5, 2011) (providing the Rule 60 standard); *Dentsply Int'l, Inc. v. Kerr Mfg Co.*, 42 F.Supp.2d 385, 419 (D. Del. 1999) (providing the Local Rule 7.1.5 standard).

THEREFORE, the 7th day of February, 2012, the Court **ORDERS** that Plaintiff's Motion for Reargument is **DENIED.**

Richard G. Andrews
United States District Judge

3